The Honorable Bill Scrimshire State Representative 1712 Haltom Road Malvern, AR 72104
Dear Representative Scrimshire:
You have presented the following question for my opinion:
 Since the rules concerning prior authorization for Medicaid ElderChoices were identical to those in effect for nursing homes on the effective date of Act 136 of 2003, is any further action required by Act 136?
RESPONSE
As an initial matter, I must point out that the term "prior authorization" is a Medicaid term of art that is defined in the various Medicaid provider manuals as follows:
 The approval by the Arkansas Division of Medical Services or a designee of the Arkansas Division of Medical Services for specified services for a specified recipient to a specified provider before the requested services may be performed and before payment will be made.
See, e.g., ElderChoices Provider Manual, § IV (Glossary).
When I address your question giving the term "prior authorization" the above quoted meaning, I must conclude that the rules and regulations concerning prior authorization for the Medicaid ElderChoices program are essentially identical to those in effect for nursing homes on the effective date of Act 136 of 2003, and that therefore no further action is necessary to comply with that Act. However, as I note below, this reading of Act 136 is problematic, and legislative clarification of this matter is warranted.
Before explaining my conclusion, I will set forth the pertinent language of Act 136 of 2003. Act 136 amended A.C.A. § 20-77-102, which deals with Medicaid medical assistance programs, to add the following section:
 (e) To the extent not prohibited by federal law or regulation, the Department of Human Services shall promulgate rules concerning prior authorization for Medicaid ElderChoices, a community-based service, that are identical to those in effect for nursing homes on July 16, 2003.
A.C.A. § 20-77-102(e) (added by Acts 2004, No. 136, § 1) (emphasis added).
The ElderChoices program that is referred to above is a Medicaid program that is administered by the Arkansas Department of Human Services, Division of Aging and Adult Services. It is designed to provide in-home assistance to adults who, for medical or other reasons, would otherwise have to reside in nursing homes. The Division of Aging and Adult Services of the Department of Human Services is charged with the responsibility of promulgating rules and regulations for the ElderChoices program. See
A.C.A. § 20-77-102(c). The rules and regulations that have been promulgated are embodied in the ElderChoices Provider Manual, which can be found at www.medicaid.state.ar.us, under "Provider." Section 240.000 of that document states:
 Services provided under the ElderChoices Program do not require prior authorization.
ElderChoices Provider Manual, § 240.000.
The Division of Medical Services of the Department of Human Services is charged with the responsibility of promulgating rules and regulations for nursing homes. See A.C.A. § 20-77-102(c). The set of rules and regulations for nursing homes that is pertinent to your question is embodied in the Office of Long Term Care Procedures for Determination of Medical Need for Nursing Home Services. (The Office of Long Term Care is a part of the Division of Medical Services of the Department of Human Services). That set of rules and regulations contains no provision that imposes a general prior authorization requirement. One provision of these rules and regulations does impose a "prior authorization" requirement for out-of-state applicants, see Office of Long Term Care Procedures forDetermination of Medical Need for Nursing Home Services, § III, but a provision of that nature would have no place in the rules and regulations for the ElderChoices Program, because whereas nursing homes typically receive residents who have moved from outside the State of Arkansas, the ElderChoices program is not available to persons who are not residents of Arkansas. See A.C.A. § 20-77-102 (Arkansas' Medicaid services are delivered "to residents of this state.")[1] With the exception of out-of-state applicants, therefore, the rules and regulations for nursing homes do not require prior authorization.
Accordingly, if I read your question and Act 136 giving the term "prior authorization" its defined meaning under the Medicaid regulations, I must conclude that to the extent that the rules and regulations concerning prior authorization for the ElderChoices program can be meaningfully compared to those in effect for nursing homes, they are currently essentially identical to those rules. Neither set of rules imposes a general prior authorization requirement, as that term is defined. Therefore, the rules and regulations for the ElderChoices program are in this respect already in compliance with the requirements of A.C.A. §20-77-102(e), as amended by Acts 2004, No. 136, § 1.
This reading, quite obviously, renders Act 136 meaningless — a result that is to be avoided if possible. See Yarbrough v. Witty, 336 Ark. 479,987 S.W.2d 257 (1999); Second Injury Fund v. Yarbrough,19 Ark. App. 354, 721 S.W.2d 686 (1986) (an interpretation of statutory language that renders the language meaningless is to be avoided.). I suspect that the drafters of Act 136 did not use the term "prior authorization" in its defined sense. It is possible (perhaps even likely), that they used the term to refer to the assessment process, i.e., the process for determining eligibility and need for the service in question. Unfortunately, there is nothing on the face of the Act to indicate that this was the legislative intent. Moreover, if, in an official Attorney General opinion, I construe a legal term of art to mean something other than its widely-accepted regulatory definition, it is likely that rather than giving the needed guidance to the interested parties, my opinion would lead to significant (and unnecessary) confusion.
For this reason, I have opted to take your question at face value, and therefore conclude that because the rules and regulations concerning prior authorization for the Medicaid ElderChoices program are essentially identical to those in effect for nursing homes on the effective date ofAct 136 of 2003, no further action is necessary to comply with that Act. However, I caution that legislative action is needed in resolving this issue.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It is my understanding that the Office of Long Term Care deems nursing home residents who have moved from out of state to be residents of the State of Arkansas. This status can be impacted if the individual becomes incapacitated to the point that he or she is unable to indicate an intent to remain in Arkansas. In such situations, the Office of Long Term Care will deem the individual to be a resident of Arkansas if he or she has a relative in Arkansas. If not, the individual will not be deemed to meet the residency requirement. It is my understanding that the "prior authorization" requirement for out-of-state applicants is designed to deal with this eventuality.